UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*In Re Shuffle Master, Inc. Securities Litigation*  ) No. 2:07-cv-00715-KJD-RJJ
) CLASS ACTION

## ORDER AND FINAL JUDGMENT

WHEREAS, this Action came on for a Fairness Hearing on a proposed settlement (the "Settlement"), and the issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED AND ADJUDGED:**

Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Class Action Stipulation of Settlement dated January 31, 2010 (the "Settlement Agreement").

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2. Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action as against the Defendants.

1

3.    The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4.    The Court reaffirms its preliminary order, dated February 4, 2010, and now certifies this Action as a class action, pursuant to Fed. R. Civ. P. 23(a) on behalf of all persons or entities that purchased or acquired common stock of Shuffle Master, Inc. ("Shuffle Master") between and including February 1, 2006 and March 12, 2007 ("the Class"). Excluded from the Class are the Defendants, the officers, directors, and partners of Shuffle Master, members of the immediate families of the foregoing and their legal representatives, heirs, successors and assigns, any entity in which any of the foregoing have or had a controlling interest. Also excluded from the Class are the persons and/or entities, if any, who properly requested exclusion from the Class as listed on Exhibit A annexed hereto.

5.    The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) and has ensured that Class Counsel have fairly and adequately represented the interests of the Class in connection with the Settlement set forth in the Settlement Agreement. Class Counsel have done substantial work to identify or investigate potential claims in the Action. For example, Class Counsel state that they have investigated the allegations made in the Complaint by interviewing witnesses and reviewing numerous documents obtained in the course of discovery. This is the type of investigation that is proper and sufficient at this stage of litigation, which supports the Court's finding that Class Counsel have fairly and adequately represented the interests of the Class. Class Counsel have experience in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel have also demonstrated knowledge of the applicable law and devoted considerable resources to this litigation.

6.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all persons or entities reasonably identifiable, who purchased Shuffle Master common stock between and including February 1, 2006 and March 12, 2007, except those persons or entities excluded from the definition of the Class, as shown by the records of Shuffle Master's transfer agent, at the respective addresses set forth in such records. A summary

1  notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the National Circuit of *Business Wire* pursuant to the specifications of the Court. The Court finds that the form, content, and method of dissemination of the notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed Settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings, to all Persons entitled to such notice, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

7. The notifications, including the CAFA Notice and accompanying materials, provided to the Federal and/or State Officials fully apprised the appropriate officials of this settlement and fully complied with all the procedural and substantive requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq.

8. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

(a) The Settlement was negotiated vigorously and at arm's-length with the assistance of an experienced mediator.

(b) The case settled after more than twenty months of litigation and after the completion of significant document discovery. Both Lead Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Action.

(c) If the Settlement had not been achieved, both Lead Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.

(d) The amount of the settlement, $13,000,000, is fair, reasonable and adequate. The Settlement Amount is within the range of settlement values obtained in similar cases and is within the range of reasonable settlements that would have been appropriate in this case.

  (e) Lead Plaintiffs and Defendants entered into the Settlement Agreement relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own respective counsel.

  (f) The Court has not received any objection, written or otherwise, to the Settlement Agreement as presented for approval.

 9. Subject only to the provisions of paragraph 17 below, the Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided in the Settlement Agreement or as ordered by the Court.

 10. Subject only to the provisions of paragraph 17 below, by operation of this judgment, the members of the Class, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, successors, predecessors, and assigns, finally and forever release all Released Claims against the Released Parties.

 11. Subject only to the provisions of paragraph 17 below, by operation of this judgment, the Defendants, each on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, successors, predecessors, and assigns, finally and forever release all Released Defendants' Claims against the Lead Plaintiffs, other Class Members and their attorneys.

 12. The Court has reviewed the attorneys' fees, costs and expenses petition filed by Class Counsel and hereby awards eighteen percent (18%) of the Settlement Amount in fees, which sum the Court finds to be fair and reasonable, and six hundred six thousand, nine hundred thirty-five dollars and fifty cents ($606,935.50) in reimbursement of costs and expenses, which amounts shall be paid to Class Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

 13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $13 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Class Counsel;

(b) Over 43,000 copies of the Class Notice were disseminated to putative Class Members indicating that Class Counsel were moving for attorneys' fees in the amount of up to 18 percent of the Settlement Amount and for reimbursement of expenses and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Counsel contained in the Class Notice;

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Class Counsel have devoted over 2000 hours, with a lodestar value of approximately $1,258,193.50, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

14. The Court hereby approves the Plan of Allocation as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions. Defendants and the other Released Parties shall have no responsibility for administration of the Settlement or for any taxes connected with the Settlement Fund.

15. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Order, or the Settlement Agreement, or the termination of the Settlement Agreement.

17. In accordance with Section 4(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and applicable case law, the Released Parties are by virtue of the Settlement hereby released and discharged from all claims for contribution that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Settlement and this Final Order.

18. In the event that the Settlement Agreement is terminated in accordance with its terms, (i) this Final Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the Action shall proceed as provided in the Settlement Agreement.

19. Neither this Final Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or this Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim. This Final Order and all provisions herein, and the Settlement, shall bind each Class Member whether or not that Class Member files a Proof of Claim or receives an allocation of Settlement proceeds.

20. Lead Plaintiffs and members of the Class shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in, any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims against the Released Parties is asserted.

21. All claims against Defendants and the other Released Parties sounding in contribution or equitable indemnification, or arising out of, or relating to, any facts, statements or omissions that were or could have been asserted in the Action by Lead Plaintiffs or any other member of the Class against any of the Released Parties in connection with the purchase or acquisition of Shuffle Master common stock during the Class Period are hereby forever barred, enjoined and/or discharged pursuant to, *inter alia*, 15 U.S.C. § 78u-4(f)(7) and as a settlement made in "good faith" pursuant to any and all applicable laws.

22. The parties have stipulated and the Court has determined that the Court's decision to grant final approval of the Settlement set forth in the Settlement Agreement is separate from the issues raised by Class Counsel's petition for fees, costs, and expenses.

23. The Court hereby directs that this Final Order be entered by the clerk forthwith pursuant to Fed. R. Civ. P. 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Lead Plaintiffs and the Class against Defendants, it allows consummation of the Settlement, and it will expedite the distribution of the Settlement Fund to the Class.

24. The Court further approves payment of ninety one thousand, four hundred thirty-two dollars and seven cents ($91,432.07) for the Claims Administrator's fee and expenses to date, payable upon entry of this Order.

IT IS SO ORDERED.
DATED: June 9, 2010

_____
Honorable Kent J. Dawson
United States District Court Judge